UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/8/2023

SHAWNA COLLINS, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

HANESBRANDS INC.,

Defendants.

No. 23 Civ 01818 (CM)

**DECISION AND ORDER DENYING DEFENDANT HANESBRANDS INC'S MOTION TO DISMISS**

McMahon, J.:

Plaintiff Shawna Collins ("Plaintiff"), commenced this class action against Defendant Hanesbrands Inc. ("Defendant" or "Hanes"), individually and on behalf of others similarly situated in the State of New York, asserting a single claim for failure to timely pay wages pursuant to New York Labor Law ("NYLL") § 191. Specifically, Plaintiff alleges that Defendant violated NYLL § 191(1)(a) by paying her and other similarly situated Hanesbrands manual workers every two weeks, instead of once a week. Plaintiff and the Class seek their untimely paid wages as liquidated damages pursuant to NYLL § 198(1-a).

Defendant moves to dismiss the class action complaint for (1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and (2) failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6). Defendant argues that this Court lacks subject matter jurisdiction because the Plaintiff is not entitled to liquidated damages pursuant to NYLL § 198(1-a) for violations of NYLL § 191, and therefore cannot satisfy the $5 million amount in controversy requirement under 28 U.S.C. §

1332(d). Defendant next argues that this Court should disregard the First Department's holding in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019), and the many subsequent decisions in the Second Circuit, and find that a private right of action does not exist for a violation for untimely payment under § 191.

For the following reasons, the Defendant's motion to dismiss is DENIED.

## BACKGROUND

The following is alleged in the Complaint.

### I. Parties

Plaintiff Shawna Collins is a resident of the State of New York who resides in the Bronx. Compl. ¶ 11.

Defendant Hanesbrand Inc. is a Maryland corporation with a principal place of business in Winston Salem, North Carolina. Hanes is a multinational clothing company with over 60,000 employees. Compl. ¶ 10.

### II. Factual Allegations

From approximately October 2021 to January 2023, Plaintiff was employed by Defendant as a Sales Merchandiser at a Macy's store in Yonkers, New York. Compl. ¶ 11. Plaintiff alleges that more than 25% of her job involved tasks that constituted physical labor, including restocking shelves and displays, dressing and underdressing mannequins, and transporting product inventory from the backroom to the showroom. *Id.* Both parties agree that during the entirety of Plaintiff's employment, she was paid on a bi-weekly basis instead of on a weekly basis. *Id.*; ¶ Dkt #17, at 7. Plaintiff alleges that the untimely payment resulted in her losing "the time value of that money" because "she was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use monies that were rightfully hers." Compl. ¶ 11.

## DISCUSSION

### I. Legal Standard for a Motion to Dismiss under 12(b)(1)

"Article III of the Constitution limits federal 'judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *See Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986).

As here, "[w]hen a defendant moves to dismiss under 12(b)(12) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds such as 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first." *Bobrowsky v. Yonkers Courthouse*, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)); *see also Rankine v. Levi Strauss & Co.*, No. 1:22-CV-03362-LTS, 2023 WL 3582323, at *2 (S.D.N.Y. May 22, 2023).

### I. Defendant's Motion to Dismiss on Lack of Subject Matter Jurisdiction is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

Defendants first assert that this Court lacks subject matter jurisdiction to decide the issue on the merits because Plaintiff failed to establish by a "reasonable probability" that the amount-in-controversy requirement is satisfied. Dkt #17, at 9; *see Acevado v. Citibank, N.A.*, 10-CV-8030,

2017 WL 11514789, at *4 (S.D.N.Y. Mar. 20, 2017) (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)). Under 28 U.S.C. § 1332(d), "[f]ederal courts have subject matter jurisdiction over any class action involving '(1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states.'" *Pozo v. BlueMercury, Inc.*, No. 22-CV-7382, 2023 WL 4980217, at *2 (S.D.N.Y. Aug. 3, 2023) (quoting *Blockbuster Inc.*, 472 F.3d at 56). Plaintiff alleges that "members of the Class number in the hundreds, if not thousands[,]" Compl. ¶ 14, and Defendant acknowledges that there are around 512 putative class members. Dkt #17, at 13 n.4. As Plaintiff has explained, based on the numbers provided by Defendant, the amount in controversy plausibly exceeds $5,000,000. *Id.*; Dkt #19, at 2. Defendant states that there are 512 potential class members who were employed for an average of 81.5 weeks and earned approximately $409.36 per week. Dkt #17, at 13 n.4; Dkt #19, at 2. "Accordingly, damages can be estimated to exceed $8.54 million."[1] Dkt #19, at 2. The requirement of minimal diversity is also satisfied, as Plaintiff is a citizen of New York and Defendant is a Maryland corporation with a principal place of business in North Carolina.

Defendant argues that Plaintiff is not entitled to recover liquidated damages pursuant to NYLL § 198. Dkt #19, at 10. However, numerous courts in this Circuit have now addressed this exact question and uniformly rejected Defendant's argument on the grounds that the First Department expressly stated that "liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages . . . ." *Vega, LLC*, 175 A.D.3d at 1146; *see, e.g.*, *Ramos v. Apple Inc.*, No. 22-CV-02761, 2023 WL 5803739

[1] Plaintiff calculated this number by multiplying 512 class members by 81.5 weeks by $409.36 to get a total of $17,081,774.10. Plaintiff then divided that number by two because "under a bi-weekly payment schedule, half of all wages paid were timely while the other half were untimely," to get a total of $8,540,877.04. Dkt. 19, at 2. This exceeds the required amount in controversy.

(S.D.N.Y. Sept. 6, 2023); *Rankine*, 2023 WL 3582323, at *4; *Rosario v. Icon Burger Acquisition LLC*, No. 21-CV-4313, 2022 WL 17553319, at *4 (E.D.N.Y. Dec. 9, 2022); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 20, 2020); *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 WL 4407856, at *2-3 (E.D.N.Y. Sept. 27, 2021), *motion to certify appeal denied,* No. 20-CV-3534, 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) (collecting cases); *Gillett v. Zara USA, Inc. et al.*, 20-CV-3734 (2022 WL 3285275, at *11 (S.D.N.Y. Aug. 10, 2022) (collecting cases). Therefore, Plaintiff has shown that "it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million,'" and that this Court has subject matter jurisdiction over the controversy. *Blockbuster, Inc.*, 472 F.3d at 58 (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)).

Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction is DENIED.

## II. Legal Standard for a Motion to Dismiss Under 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the

line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Id.* at 570; *Iqbal*, 566 U.S. at 680. The Court must accept all factual allegations as true and draw all reasonable inferences in Plaintiffs' favor. *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

**III. Defendant's Motion to Dismiss Under Rule 12(b)(6) is DENIED**

NYLL § 191(1)(a) states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned . . . ." unless an employer is authorized to do otherwise by the State. N.Y. Lab. Law § 191(1)(a). Plaintiff alleges that Defendant paid her every two weeks instead of every week in violation of NYLL § 191(1)(a). Compl. ¶ 11. Defendant does not dispute that it violated § 191 by paying Plaintiff and other similarly situated manual workers biweekly rather than weekly. Instead, Defendant alleges that Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because there is no private right of action for untimely payment under NYLL § 191. Dkt #17, at 13.

In 2019, New York's First Department held that "Labor Law § 198 (1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Vega*, 175 A.D.3d at 1146. "Since *Vega*, every court in [the Second] Circuit to consider that decision appears to have followed its construction of the New York Labor Law." *Harris v. Old Navy, LLC*, No. 2-CIV-9946, 2022 WL 16941712, at*9 (S.D.N.Y. Nov. 15, 2022*), report and recommendation adopted sub nom. Harris v. Old Navy, LLC.*, No. 1:21-CV-9946-GHW, 2023 WL 2139688 (S.D.N.Y. Feb. 20, 2023) (quotation marks omitted) (quoting *Rodrigue v. Lowe's Home Centers, LLC*, No. 20-CV-1127, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021)); *see also, e.g.*, *Shugars v. Masonite Corp et al*, 2023 WL 7280902, at *7 (N.D.N.Y. Nov. 3, 2022); *Krawitz v. Five Below, Inc.*, No. 22CV2253, 2023 WL 6385711, at *3 (E.D.N.Y. Sept. 29, 2023); *Ramirez v. Tifaret Disc., Inc.*, No. 22-CV-10489, 2023 WL 6318616, at *8 (S.D.N.Y. Sept. 28, 2023); *Davis v.*

*Banana Republic LLC*, No. 21-CV-6160, 2023 WL 596959, at *6, *8 (E.D.N.Y. Sept. 14, 2023); *Ramos*, 2023 WL 5803739, at *2; *Birthwright v. Advance Stores Co., Inc.*, No. CV 22-0593, 2023 WL 5718633, at *3 (E.D.N.Y. Sept. 5, 2023); *Pozo*, 2023 WL 4980217 at *5; *Rankine*, 2023 WL 3582323, at *5 (collecting cases). "Accordingly, the Court joins the chorus of opinions throughout the Second Circuit finding that Plaintiff has a private right of action for late payment of wages under the NYLL." *Ramirez*, 2023 WL 6318616, at *8.

Because Plaintiff has a clear private right of action under § 191(1)(a), Defendant's motion to dismiss under 12(b)(6) is DENIED.

**CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss is DENIED.

Dated: November 8, 2023

U.S.D.J.

BY ECF TO ALL COUNSEL